JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-782-GW-JPRx | Date | July 8, 2021 |
|---|---|---|---|
| Title | *Bruce Westin v. City of Calabasas* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Marea Woolrich | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | Matthew C. Slentz, by telephone |

**PROCEEDINGS:**     **DEFENDANT CITY OF CALABASAS' MOTION FOR SANCTIONS UNDER RULE 11 REGARDING PLAINTIFF'S FIRST AMENDED COMPLAINT [21];**

**DEFENDANT CITY OF CALABASAS' MOTIONS TO DISMISS AND TO STRIKE REGARDING PLAINTIFF'S SECOND AMENDED COMPLAINT (FED. R. CIV. P. 12) [30]**


Plaintiff Bruce Westin, *pro se*, is present by telephone.

Court confers with the parties. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the City's motion to dismiss with prejudice, and DENIES the City's motion for sanctions.

|  | : | 04 |
|---|---|---|
| Initials of Preparer | JG | |

*__Bruce Westin v. City of Calabasas__*; Case No. 2:21-cv-00782-GW-(JPRx)
Tentative Rulings on: (1) Motion to Dismiss Second Amended Complaint, and (2) Motion for
Sanctions

## I.  Background

Pro per Plaintiff Bruce Westin filed a Second Amended Complaint against Defendant City of Calabasas (the "City") asserting a 42 U.S.C. § 1983 claim.  *See generally* Second Amended Complaint ("SAC"), Docket No. 25.  Before the Court are two motions: (1) the City's Motion to Dismiss and to Strike Portions of Plaintiff's Second Amended Complaint ("MTD"), *see* Docket No. 31, and (2) the City's Motion for Sanctions Regarding Plaintiff's First Amended Complaint ("Sanctions Motion").  *See* Docket No. 21.

### A.  Procedural Background

Plaintiff filed his original Complaint on January 27, 2021, *see* Docket No. 1, and a First Amended Complaint ("FAC") on March 18, 2021.  *See* Docket No. 12.  Plaintiff's FAC alleged claims for: (1) negligence; (2) public nuisance; (3) violation of California Public Resources Code section 21001(f); (4) violation of the Fifth and Ninth Amendments; (5) violation of 42 U.S.C. § 6939b; and (6) violation of California Penal Code section 182(a)(1).  *See id.*  On May 6, 2021, the Court granted the City's Motion to Dismiss the FAC as to all claims, with leave to amend only as to Plaintiff's Fifth Amendment violation claim.  *See* Docket No. 24.

Plaintiff filed the SAC on May 21, 2021, alleging a single cause of action against the City under Section 1983.  *See* Docket No. 25.  Plaintiff alleges that the City has interfered with his enjoyment of his property and has violated his Fifth Amendment rights by failing to regulate household sewage systems within the City.  *See id.* ¶ 74.  The City filed its motion to dismiss the SAC on June 7, 2021.  *See* MTD.  Plaintiff did not file an opposition brief.  The City filed a reply brief and notice of Plaintiff's non-opposition on June 23, 2021 ("MTD Reply").  *See* Docket No. 32.

Additionally, on May 5, 2021, the City filed a motion for sanctions regarding Plaintiff's FAC.  *See* Sanctions Motion.  Plaintiff filed an opposition brief ("Sanctions Opp."), *see* Docket No. 31, and the City filed a reply brief ("Sanctions Reply").  *See* Docket No. 33.

### B.  Factual Allegations

Plaintiff alleges that he "rents several vacant lots within the City of Calabasas from an associated trust."  *See* SAC ¶ 18.  He alleges that there are approximately 40 homes within the

1

Old Topanga Canyon area of the City that operate household septic systems. *See id.* ¶ 20. Plaintiff purportedly requested septic reports from the City regarding 41 properties and has received 37 reports[1] thus far, nearly all of which violate "at least one or more environmental or plumbing laws to varying degrees." *See id.* ¶¶ 4, 6.

The SAC summarizes several septic reports. *See id.* ¶¶ 21-68. For example, two residences in the area allegedly use cesspools underneath the bathrooms instead of proper sewage systems. *See id.* ¶¶ 23, 26. Based on exhibits attached to the SAC, the City issued a Notice of Violation to the first property's owner on February 24, 2011 due to the cesspool under the property. *See id.* Exh. 6. The owner subsequently applied for and was granted a plumbing permit to backfill the cesspool with sand or slurry on March 22, 2011. *See id.* Exh. 7. The City then issued another Notice of Violation to the property's owner on July 31, 2013, noting that the owner still had not installed a lawful private sewage disposal system and requiring the owner to install one by August 30, 2013. *See id.* Exh. 6. Plaintiff does not know whether the owner of that residence "followed through on the backfilling and discontinu[ed] use of said cesspool or what kind of sewage system (if any) has been installed." *See id.* ¶ 25. As for the second property, the City issued a July 30, 2013 Notice of Violation ordering the owner to abandon the cesspool under the floor. *See id.* Exh. 9. According to Plaintiff, "[t]he City has not responded to requests for corrective measures (if any) actually taken for [the second property]." *See id.* ¶ 28.

Plaintiff also alleges that at least twenty residences in the area use seepage pits to dispose of raw sewage, without treatment. *See id.* ¶¶ 4, 29. For example, one residence "utilizes two 20 foot deep and 4 foot wide seepage pits for raw sewage effluent." *See id.* ¶ 30. The City purportedly "has not responded to requests for corrective measures (if any)" as to that particular property. *See id.* ¶ 32.

Plaintiff claims that records provided by the City indicate that out of 133 Onsite Wastewater Treatment Systems ("OWTS"), there were 33 major failures. *See id.* ¶ 1. Additionally, 19 property owners refused to allow the City to inspect their sewage disposal systems. *See id.* Plaintiff cites to and attaches a document titled "OWTS Ordinance History" in support, which states, *inter alia*, the following:

August 11, 2010
- Report to Council concerning OWTS inspections

---

[1] Plaintiff alleges that he has received 37 reports in Paragraph 4 of the SAC, but that he has received 34 reports in Paragraph 21 of the SAC. *See* SAC ¶¶ 4, 21.

     o  133 total systems, 70 inspections completed; 33 major failures
     o  19 property owners unresponsive; non-compliance letters issued advising of the missed deadline

*See id.* Exh. 1. Plaintiff also alleges that there is a rabid fly problem in the area. *See id.* ¶ 7.

As for the City's purported constitutional violation, Plaintiff alleges that the City has the sole responsibility to enforce the City's municipal codes to "ensure that all new and existing OWTS in the City of Calabasas are environmentally safe and free of health hazards." *See id.* ¶ 71 (quoting the City's municipal code). Plaintiff claims that the City "has willfully chosen to ignore and not enforce applicable environmental and building laws which has permitted the operation of [numerous] failed sewage systems that endanger public health, harm the environment, and create a nuisance." *See id.* ¶ 72. The failed sewage systems purportedly "are subject to overflowing, create ground water pollution, produce noxious odors and are breeding grounds for disease carrying organisms." *See id.* ¶ 73. The conditions resulting from the failed sewage systems, which the City allegedly has neglected to regulate, "interfere with Plaintiff's enjoyment of his property and violate Plaintiff's 5th Amendment Right against depravation of property." *See id.* ¶ 74.

Plaintiff seeks an order requiring the City to: (1) enforce current environmental and building laws pertaining to the safe operation of all OWTS and provide homeowners a reasonable timeframe to make necessary corrections; (2) develop a viable plan to prohibit residents from disposing raw sewage using cesspools, seepage pits, or other similar methods; (3) test and monitor groundwater supplies near OWTS for pollution and implement corrective measures if necessary; and (4) provide updated operational testing data on a five to ten year basis for all OWTS to monitor environmental damage. *See id.* at 22-23.

## II.  Legal Standard

The City brings its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and its motion for sanctions under Federal Rule of Civil Procedure 11. *See* MTD at 6-8; *see generally* Sanctions Motion.

### A.  Rule 12(b)(1)

Dismissal pursuant to Rule 12(b)(1) is appropriate where either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Standing pertains to a court's subject matter jurisdiction, and therefore is properly the subject of a Rule 12(b)(1)

motion.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *Id.*  "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).  In a facial attack on jurisdiction, the nonmoving party is not required to present evidence outside the pleadings; and the allegations of plaintiff's complaint are taken as true.  *Id.*  As always, the party asserting that a court has subject matter jurisdiction bears the burden of demonstrating as much.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *See Safe Air for Everyone*, 373 F.3d at 1039.  The moving party may "convert[] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court . . . ."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  As a general matter, a district court deciding a factual attack on jurisdiction "need not presume the truthfulness of the plaintiffs' allegations" and may "look beyond the complaint . . . without having to convert the motion into one for summary judgment."  *United States ex rel Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1200 n.2 (9th Cir. 2009) (citation omitted), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015).

### B.  Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").  The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80

F.3d 336, 337-38 (9th Cir. 1996).

The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

### C.  Rule 11

"Rule 11 is 'aimed at curbing abuses of the judicial system.'" *Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 542 (1991) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990)). Rule 11 provides that by filing a pleading or other paper, "an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the paper complies with Rule 11's requirements. Fed. R. Civ. P. 11(b). Such requirements include that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2), and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3). *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Sanctions may be imposed under Rule 11 when a pleading "is frivolous, legally unreasonable, or without factual foundation." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) (*abrogated on other grounds in Cooter*, 496 U.S. 384 (1990)). There is no requirement of bad faith. *Id.* The Ninth Circuit has held that "Rule 11 sanctions should be applied if a competent attorney, after reasonable inquiry, would not have a good faith belief in the merit of a legal argument." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1991).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution" and "reserve[d] . . . for the rare and exceptional case where the action is clearly frivolous, legally

unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344-45 (9th Cir. 1988).

### III. <u>Discussion</u>

#### A. **Motion to Dismiss**

The City contends that Plaintiff lacks standing to pursue his Section 1983 claim. *See* MTD at 6. The Court would agree. "Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Jefferson Cnty.*, 358 F.3d 626, 637 (9th Cir. 2004). Plaintiff bears the burden of establishing standing, and must show the following: (1) he has suffered an "injury in fact," which is concrete and particularized and actual or imminent; (2) there is a causal connection between the injury and the conduct complained of – *i.e.*, the injury is fairly traceable to the City's actions; and (3) it is likely the injury would be redressed by a favorable decision. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

It is unclear to the Court specifically what injury Plaintiff alleges. Plaintiff alleges that neighboring failed sewage systems "are subject to overflowing, create ground water pollution, produce noxious odors and are breeding grounds for disease carrying organisms." *See* SAC ¶ 73. These sewage systems – which the City has purportedly failed to regulate – "interfere with Plaintiff's enjoyment of his property and violate Plaintiff's 5th Amendment Right against depravation of property." *See id.* ¶ 74. However, Plaintiff's property consists of vacant lots. *See id.* ¶ 18. Plaintiff does not allege facts stating that he has sustained an actual or imminent injury, *i.e.*, whether or not the property is being used and whether any use of the property is impacted by neighboring sewage systems. As such, the Court would find that Plaintiff has not alleged an actual injury that is concrete and particularized.

Moreover, Plaintiff does not allege a causal connection between any injury and the City's conduct. As the City notes, the SAC does not demonstrate that the City caused the purportedly failed sewage systems, but instead alleges "that the City is responsible for abating nuisances already caused by [Plaintiff's] neighbors, who are not parties to this action." *See* MTD at 7. Where "a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else* . . . causation and redressability ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction – and perhaps on the response of others as well." *See Lujan*, 504 U.S. at 562. "The existence of one or

6

more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict." *Id.* (quotation omitted).  As such, "when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish" because it is the plaintiff's burden to adduce facts showing that the choices of others "have been or will be made in such manner as to produce causation and permit redressability of injury." *Id.* (quotations omitted).

Here, Plaintiff alleges that the City has failed to enforce municipal codes, thereby permitting "the operation of [numerous] failed sewage systems that endanger public health, harm the environment, and create a nuisance." *See* SAC ¶ 72.  However, Plaintiff concedes that the City has issued letters to some residence owners stating that their sewage systems constitute code violations, and that, for at least one residence, Plaintiff does not know whether the owner complied with the City's request.  *See id.* ¶ 25, Exh. 6.  Additionally, the SAC states that for other properties, the City "has not responded to requests for corrective measures (*if any*)."  *See id.* ¶¶ 28, 32 (emphasis added).  While Plaintiff alleges that the City has not responded to requests for corrective measures in certain instances, it appears unclear whether or not any requests for corrective measures have been made in the first place.  The Court thus would conclude that the SAC does not sufficiently show that any injury – based on the alleged failed sewage systems – was *caused* by the City's purported decision "to ignore and not enforce applicable environmental and building laws."  *See id.* ¶ 72.  Similarly, because neighboring property owners' *compliance* with the City's orders appears to be at issue, the SAC fails to allege that any injury likely would be redressed by injunctive relief against the City.

Accordingly, the Court would find that Plaintiff cannot establish standing to bring his Section 1983 claim against the City.  *See Lujan*, 504 U.S. at 560-61.[2]  Because the Court would dismiss the SAC in its entirety, the Court need not address the City's alternative request to strike portions of the SAC.

### B.  Motion for Sanctions

The City moves for sanctions in the form of reasonable expenses and attorneys' fees in

---

[2] The Court would dismiss the SAC for lack of standing and therefore need not address the City's argument that Plaintiff fails to assert a Section 1983 claim under Rule 12(b)(6).  *See* MTD at 8.

connection with its defense against Plaintiff's FAC. *See generally* Sanctions Motion. The City contends that each of Plaintiff's claims in the FAC were meritless and that "[d]espite being warned of the frivolous nature of this action on multiple occasions," Plaintiff persisted in pursuing the case. *See id.* at 1. As such, the City argues that sanctions are necessary to deter Plaintiff's conduct, "and to prevent him from wasting scarce public funds with further meritless pleadings." *See id.* Plaintiff's opposition brief primarily distinguishes the facts between the City's cited authorities and the instant case. *See generally* Sanctions Opp.; Sanctions Reply.

Upon reviewing the parties' briefs, including the City's declaration in support of its motion, *see* Docket No. 22, the Court would decline to impose sanctions at this time.[3] While the Court dismissed the FAC and only allowed Plaintiff leave to amend for the purpose of alleging a Section 1983 claim, *see* Docket No. 24, the Court would not find that Plaintiff's allegations in the FAC rise to a level warranting Rule 11 sanctions. *See* Phillips & Stevenson, *Federal Civil Procedure Before Trial, California and 9th Circuit Editions*, § 17:166 (Rutter Grp. 2020) (indicating that sanctions are discretionary and that a court is not required to impose a sanction even if a violation has clearly occurred).

## IV.  Conclusion

Based on the foregoing discussion, the Court would **GRANT** the City's motion to dismiss the SAC and would **DENY** the City's motion for sanctions regarding the FAC.

---

[3] Because the Court does not rely on the document attached to the City's request for judicial notice in reaching its decision herein, the Court denies the request. *See* Docket No. 23.